IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

```
DOUGLAS MONROE,                 :
                                :
        Plaintiff,              :
                                :
vs.                             :   CIVIL ACTION 13-0089-WS-M
                                :
MAJOR BYRNE, et al.,            :
                                :
        Defendants.             :
```

REPORT AND RECOMMENDATION

Plaintiff, a Baldwin County prison inmate proceeding pro
se, filed a complaint under 42 U.S.C. § 1983 and a Motion to
Proceed In Forma Pauperis.  This action was referred to the
undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule
72.2, and is before the Court for Plaintiff's failure to
prosecute and to comply with the Court's Order.

On March 7, 2013, Plaintiff was ordered to file this
Court's forms for a complaint under 42 U.S.C. § 1983 and for a
motion to proceed without prepayment of fees not later than
April 8, 2013 (Doc. 3).  Plaintiff was warned that his failure
to comply with the Order within the prescribed time would result
in the dismissal of his action for failure to prosecute and to
obey the Court's Order.  The Order was mailed to Plaintiff at
the Baldwin County Jail, 200 Hand Avenue, Bay Minette, Alabama
36507, his last know address.  To date, Plaintiff has not

responded to the Court's Order, nor has the Order been returned as undeliverable.  The Court finds that Plaintiff has abandoned prosecution of this action.

Due to Plaintiff's failure to comply with the Court's Order and to prosecute this action, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and to obey the Court's order, as no other lesser sanction will suffice.  Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734, 738 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983). Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir.)(finding that the court's

inherent power to manage actions before it permitted the

imposition of fines), <u>cert. denied</u>, 510 U.S. 863, 114 S.Ct. 181,

126 L.Ed.2d 140 (1993).

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS<br>
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION<br>
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.   **Objection**.   Any party who objects to this recommendation or
anything in it must, within fourteen days of the date of service
of this document, file specific written objections with the
clerk of court.  Failure to do so will bar a <u>de</u> <u>novo</u>
determination by the district judge of anything in the
recommendation and will bar an attack, on appeal, of the factual
findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C);
<u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988); <u>Nettles v.</u>
<u>Wainwright</u>, 677 F.2d 404 (5th Cir. Unit B, 1982)(<u>en</u> <u>banc</u>).  The
procedure for challenging the findings and recommendations of
the magistrate judge is set out in more detail in SD ALA LR 72.4
(June 1, 1997), which provides that:

> A party may object to a recommendation entered by a
> magistrate judge in a dispositive matter, that is, a
> matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing
> a "Statement of Objection to Magistrate Judge's
> Recommendation" within fourteen days after being
> served with a copy of the recommendation, unless a
> different time is established by order.  The statement
> of objection shall specify those portions of the
> recommendation to which objection is made and the
> basis for the objection.  The objecting party shall
> submit to the district judge, at the time of filing
> the objection, a brief setting forth the party's
> arguments that the magistrate judge's recommendation
> should be reviewed <u>de</u> <u>novo</u> and a different disposition
> made.  It is insufficient to submit only a copy of the
> original brief submitted to the magistrate judge,
> although a copy of the original brief may be submitted
> or referred to and incorporated into the brief in
> support of the objection.  Failure to submit a brief
> in support of the objection may be deemed an
> abandonment of the objection.

3

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.    **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 17th day of April, 2013.


s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE